**TRENK ISABEL SIDDIQI**
**& SHAHDANIAN P.C.**
Richard D. Trenk, Esq. (RT6874)
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, New Jersey 07039
Telephone: (973) 533-1000
Email: rtrenk@trenkisabel.law
*Attorneys for CL Cityview Urban Renewal, LLC, Landlord*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 13 |
| CIERRA MINTER, | Case No. 25-20368 (VFP) |
| Debtor. | **Hearing Date: March 19, 2026** |

**APPLICATION OF CL CITYVIEW URBAN RENEWAL, LLC, LANDLORD, IN SUPPORT OF MOTION (I) FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 AND (II) WAIVER OF 14-DAY STAY OF THE EFFECTIVENESS OF THE ORDER PURSUANT TO BANKRUPTCY RULE 4001(a)(3) AND LOCAL BANKRUPTCY RULE 9013-1(m)**

CL Cityview Urban Renewal LLC (the "Landlord"), a creditor and landlord in the above-captioned chapter 13 bankruptcy of Cierra Minter ( "Debtor") by and through its undersigned counsel, moves before this Court for entry of an order: (i) lifting the automatic stay pursuant to § 362 to permit the Landlord to proceed with the dispossess action and all other available State Court remedies; and (ii) waiving the fourteen day stay of the effectiveness of the order granting the motion pursuant to Bankruptcy Rule 4001(a)(3) and Local Bankruptcy Rule 9013-1(m); and (iii) granting any other just and equitable relief deemed appropriate by the Court (the "Motion") and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      On October 1, 2025, Cierra Minter, Debtor ("Debtor") filed a Chapter 13 petition.

2.      On November 22, 2024, CL Cityview Urban Renewal LLC entered into a Lease with the Debtor. See Exhibit "A" annexed hereto.

3.      The original rent was $2,401 per month beginning December 1, 2024.

4.      The current rent is $2,386 per month.

5.      The Debtor owes the Landlord in excess of $16,717.04 through February 2026. See Exhibit "B" annexed hereto.  Additional rent and other charges continue to accrue.

6.      A late charge of $238.60 per month is applicable to every late payment.

7.      A security deposit in the amount of $750.00 exists plus accrued interest.

8.      On February 12, 2026, the Landlord filed its Proof of Claim in the amount of $15,750.84.

9.      The Debtor has failed to pay post-petition rent in full.  See Exhibit "B" annexed hereto.  Specifically, the current ledger shows that Debtor's last payment of rent was on February 11, 2026 in the amount of $1,500.

10.     Thus, the Debtor owes October, November, December, January and February rent (besides the pre-petition debt) totaling at least $12,180 plus late charges and attorneys fees.

11.     Landlord seeks an order confirming that the automatic stay does not apply and that the Landlord may proceed with its summary dispossess action and removal of the Debtor.

12.     Pursuant to 11 U.S.C. § 362(d) relief from the automatic stay is warranted.

## JURISDICTION AND VENUE

13.     The Bankruptcy Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4855-0650-6068, v. 1

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

15.     The predicate for the relief requested herein is section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1.

## STATEMENT OF FACTS

### The Lease

16.     On November 22, 2024, the Landlord entered into a Lease (the "Lease") with the Debtor for the premises located at 301 Constitution Avenue, #B3-449, Bayonne, New Jersey (the "Premises").

17.     The current monthly rent of $2,386 beginning December 1, 2024 and continuing through the present.  A late charge of $238.60 per month applies in accordance with the terms of the Lease. *Id.*

18.     Pursuant to the terms of the Lease, the Tenant is responsible for "all attorney's fees and filing costs." See Exhibit "A" at ¶31.

### The Summary Dispossess Action

19.     On or about September 5, 2024, the Landlord filed a summary dispossess action before the Superior Court of New Jersey, Law Division, Hudson County, Special Civil Part. Docket No. HUD-LT-8332-25. See Exhibit "C" annexed hereto.

20.     The Action seeks to remove the Debtor from the Premises based on Debtor's failure to pay rent in violation of the terms of the Lease. *Id.*

### Bankruptcy Proceedings

21.     On February 19, 2026, the Court ordered that the Debtor pay the Landlord $2,436, one month rent, no later than February 26, 2026 in good funds.

4855-0650-6068, v. 1

## LEGAL ARGUMENT

### A. The Landlord is Entitled to Relief From the Automatic Stay

22.    The Landlord should be granted relief from the automatic stay to finalize the eviction process of the Debtor.

23.    Pursuant to Section 365(d)(1) of the Bankruptcy Code, in a case under Chapter 7, if the trustee does not assume or reject an unexpired lease of residential real property within 60 days of the order for relief, the lease is deemed rejected. The automatic rejection of a lease pursuant to Section 365(d)(1) affects an abandonment of the lease to the debtor. *In re Day,* 208 B.R. 358, 365 (Bankr. E.D. Pa. 1997); *In re Rosemond,* 105 B.R. 8, 9–10 (Bankr.W.D.Pa.1989); *In re Szymecki,* 87 B.R. 14, 15 (Bankr. W.D. Pa. 1988); *In re Knight,* 8 B.R. 925, 929 (Bankr. D. Md. 1981). As a result of the lease then no longer being property of the estate, bankruptcy courts readily grant private landlords relief from stay to exercise their state law remedy of ejectment as a result of contractual defaults under the rejected lease. *In re Bacon,* 212 B.R. 66, 68–69 (Bankr. E.D. Pa. 1997). Without stay relief, landlords need only await the discharge which acts to terminate the stay to enforce their rights under the lease other than the right to collect the discharged debt.

1.    Moreover, Section 362(l) of the Bankruptcy Code states as follows:

> (1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
>     **(A)** under non-bankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
>     **(B)** the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become

4

due during the 30-day period after the filing of the NJ bankruptcy petition.

**(2)** If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).

11 U.S.C. § 362(l).

24.     The Debtor failed to follow the mandates of Section 362(l) of the Bankruptcy Code by failing to provide any certification or escrow any funds that were due.

25.     As a result, the Landlord is entitled to relief from the automatic stay as the Debtor has failed to comply with 11 U.S.C. § 362(l).

### B. The Landlord has Demonstrated Cause for Stay Relief

26.     Moreover, the Debtor's failure to comply with Section 362(l) represents "cause" for relief from the automatic stay.

27.     Section 362(d)(1) provides that, on request of a party in interest and after notice and a hearing, the court must grant relief from the automatic stay upon a demonstration of "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *Clauson v. Mixson (In re Mixson)*, 33 F.3d 4, 5 (4th Cir. 1994); *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999). "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007); *see also In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

4855-0650-6068, v. 1

28.     For the reasons set forth above, the Landlord submits that cause exists for relief from the automatic stay.

## C. Cause Exists to Waive the 14-Day Stay of Effectiveness of the Order

29.     Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*." (emphasis added). Local Bankruptcy Rule 9013-1(m) states that a "motion seeking relief from the automatic stay . . . shall specifically state in the caption of the motion whether the movant seeks a waiver of the 14 day stay of effectiveness of any proposed order for the relief sought," and directs the movant to "detail the cause [for waiving the 14-day stay] in its moving papers."

30.     If the Motion is granted, the Landlord submits that cause exists to waive the 14-day stay to allow the Action to proceed expeditiously to its conclusion. The Action has been unnecessarily delayed by the Debtor's bankruptcy. In addition, the Debtor owes over $28,448.80 to the Landlord.

31.     It would be inequitable to give the Debtor the benefit of the 14-day stay since the Debtor filed its bankruptcy petition while the Action was pending, knowing the ramifications it would have on the Landlord, thus the filing was in bad faith and a litigation tactic. *See Malat Irrevocable Trust v. Surety Title Corporation*, No. 10-cv-0002, 2010 WL 3732983, at *5 (D.N.J. Sept. 16, 2010) ("by its own clear and plain language, Rule 4001(a)(3)'s stay is amendable if 'the court orders otherwise,'" and the bankruptcy court is "able to exercise its discretion as to whether a stay is granted"); *Foster v. Wynne*, 2012 WL 4458476, at *3 (W.D. Va. June 5, 2012) (noting that "the decision on whether to waive the 14-day stay is left to the sound discretion of the

6

bankruptcy court," and waiving the 14-day stay for "equitable reasons" where the immediate enforcement of the order allowed the conclusion of separate litigation).

32.    Accordingly, the Court must waive the 14-day stay.

## CONCLUSION

**WHEREFORE**, the Landlord respectfully requests that the Court enter an order: (i) granting the Motion; (ii) providing the Landlord with relief from the automatic stay to continue all aspects of the Action; and (iii) granting such other and further relief as the Court deems just and equitable.

Dated: February 20, 2026

**TRENK ISABEL SIDDIQI
& SHAHDANIAN P.C.**

By:    */s/ Richard D. Trenk*
Richard D. Trenk, Esq.
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, New Jersey 07039
Telephone:  (973) 533-1000
Email:  rtrenk@trenkisabel.law

*Counsel for CL Cityview Urban Renewal, LLC,
Landlord*

7

4855-0650-6068, v. 1